GLENMORE SILK CORPORATION, Plaintiff, *v.* FIDELITY AND GUARANTY FIRE CORPORATION, Defendant.

Municipal Court of New York, Borough of Manhattan, Fourth District, April 9, 1934.

*Bregman & Bregman* [*Hyman Bregman* of counsel], for the plaintiff.

*Bingham, Englar, Jones & Houston* [*F. Herbert Prem* of counsel], for the defendant.

GARSIDE, J. The court is of the opinion that the goods alleged to have been insured herein never were *in transit* within the meaning of the policy. The policy by its express terms covered " *only* shipments by Railroad Freight, and/or Railway Express, and/or Public Truckman and/or Motor Transportation Companies and/or Trucks and/or Vehicles owned and/or leased and/or operated by the assured and/or Taxi-Cabs and/or Handtrucks and/or Steamers navigating between points and/or places on the United States Atlantic Coast, United States Gulf Coast and United States Inland Waters, including Great Lakes."

The court finds that there was no such shipment in the case before it. In the opinion of the court, the clause with respect to coverage of theft has reference to theft " in transit " and in connection with one of the particular forms of shipment to which the policy is limited by its terms.

Any other interpretation would result in changing the character of the insurance contract intended by the parties. For example, the clause covering risk of loss caused by rioters and strikers or persons engaged in insurrection must be considered to cover only such loss " in transit; " otherwise an entirely different type of insurance protection would result — a protection obviously not intended.

The insurance contract clearly stated that the coverage was of goods in transit by the particular media of transit expressly described therein. The several clauses which followed and which described the various kinds of coverage did not necessarily have to in each case limit the same by express language to goods in transit by the particular media described elsewhere in the policy. That had already been clearly done in the clause which constituted the very essence of the contract between the parties and which characterized the insurance policy as one covering goods in transit.

The logical result of the interpretation prayed for by plaintiff would make the defendant a general insurer of goods while in the possession of plaintiff. It would protect the plaintiff against loss by riots in its own place of business, loss by strikes of its own employees, loss by theft of its own employees or officers, explosion on its own premises (except boiler explosion), and even malicious

damage by its own employees or others. Such clearly was not the character of insurance intended by the parties.

A reading of the entire contract of insurance establishes clearly that what was intended by the parties was protection of the insured property while in transit as in the policy provided. The loss in question was clearly not a loss in transit. It differed in no respect from a theft of the identical goods from the premises of plaintiff by burglars. It was a regrettable loss, but not a loss covered by the terms of the contract of insurance.

Judgment for defendant.