M. J. FEDERMAN CO., INC., Respondent, *v.* THE AMERICAN INSURANCE COMPANY, Appellant.

(Argued April 26, 1935; decided May 21, 1935.)

*Gregory S. Rivkins* and *Barton P. Ferris* for appellant.

*Lucien Hilmer* and *Monroe Chapin* for respondent.

LOUGHRAN, J.  This is a controversy submitted to the Appellate Division upon an agreed statement of facts. Defendant issued to plaintiff a policy of insurance

on goods shipped to plaintiff while " in custody of Railroads, Express, Motor Transportation Companies * * * Public Truckmen, Trucks of the assured * * * and /or other Common Carrier and Land Conveyances incidental to any of the above or otherwise. * * * To cover all loss and /or damage caused by * * * Theft * * * from the time of leaving the Warehouse, Store or Factory of Shipper until safely delivered into Warehouse, Store or Factory of Consignee. * * * This Policy covers merchandise after arrival at destination while waiting actual unloading and /or removal. * * * "

Goods consigned to plaintiff at the city of New York were at Buffalo put into a truck of Empire Haulage Corporation, which arrived at plaintiff's establishment a few minutes before noon on Saturday, April 22, 1933. Noon was plaintiff's closing time on Saturday. " Because of this fact plaintiff decided not to and did not receive the merchandise into its premises." In response to an inquiry of plaintiff's shipping clerk, Empire Haulage Corporation proposed for twelve dollars to keep the goods until the following Monday morning, April 24. This offer was not accepted.

Broadway Local Express Co., Inc., a licensed public truckman and warehouseman that had done plaintiff's local trucking, agreed " so to receive and hold said merchandise in consideration of the payment by plaintiff of the sum of $6.00," and gave to plaintiff a receipt as follows: " Received in good order from M. J. Federman [plaintiff] * * * goods to be taken from truck of Empire Haulage Corp., to be held on hand for us until 4–24–33." Plaintiff " did not know where its merchandise was to be kept and held nor did it make any inquiry as to where the goods were to be kept and held by the Broadway Local Express Co., Inc." Transfer of the goods from the truck of Empire Haulage Corporation to a truck of Broadway Local Express Co., Inc., was made on the street. " An employee of the Broadway Local Express Co., Inc., tied ropes around

plaintiff's merchandise on said Autocar of the Broadway Local Express Co., Inc., which was thereupon driven into a public garage * * * where it was parked and left." The garage was robbed and the goods removed during the night of April 22, 1933, this policy being then in force.

The question is whether defendant must make good the loss. It has been held by the Appellate Division that the policy covered the goods so long as they were in the possession of Broadway Local Express Co., Inc. We reach a contrary conclusion.

The contract is styled a " Transportation Policy." The words in question have an analogy in a provision sometimes made in policies of marine insurance called the " warehouse to warehouse clause." (17 Halsbury's Laws of England, 384.) Whatever otherwise would be the duration of a risk under such a stipulation, it is clear, we think, that an insured may put an end to it by taking delivery outside his own premises (1 Arnould on the Law of Marine Insurance and Average [10th ed.], § 458; 3 Kent's Comm. 309), and that this is the case here.

The goods arrived at their destination. Pursuant to plaintiff's direction, they were unloaded from the vehicle upon which they had been carried there, and were placed upon another vehicle provided by plaintiff. With these arrangements and this disposition of the goods, the consignor had nothing to do. The function of the last carrier engaged by the consignor was fulfilled. Another bailee had accepted the goods in plaintiff's behalf and with its authority, under an agreement exclusively between them which stipulated that the goods were received from plaintiff and were to be held for it. The transportation of the goods covered by this policy was then terminated by complete delivery to plaintiff. That this result was not actually intended is immaterial. To sustain the decision of the Appellate Division, we must be prepared to hold that plaintiff could itself extend indefinitely the duration of defendant's policy risk after the goods were

at destination. In our opinion, the words of this policy do not admit of that construction.

The judgment of the Appellate Division should be reversed and judgment directed for the defendant as asked for in the submission, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur; FINCH, J., not sitting.

Judgment accordingly.