**GRUBSTAKE INV. ASS'N, Inc., et al. v. WORLEY.**

No. 10263.

Court of Civil Appeals of Texas. San Antonio.

April 13, 1938.

Rehearing Denied May 11, 1938.

DeWitt Harry, of Dallas, and W. C. Douglas, M. A. Childers, and Arnold & Cozby, all of San Antonio, for appellants.

H. S. Bonham and M. W. Pitts, Jr., both of Corpus Christi, and Mueller & Green, Arthur W. Mueller, and E. A. Sibley, all of San Antonio, for appellee.

SLATTON, Justice.

Appellee, Worley, brought this action in the district court of McMullen county for the purpose of canceling an oil and gas lease upon 1,476 acres of land in said county. Grubstake Investment Association, Inc., was the original lessee. C. N. Wuest, Jr., was the assignee of 300 acres of the land. The appellee alleged a failure to pursue drilling operations with diligence; that the last well completed was a nonproducer; that no producing well was upon the leasehold; and that more than ninety days had elapsed without the commencement of another well. The cause was submitted to a jury upon special issues. The jury found that Charles N. Wuest completed Wuest No. 1 on November 24, 1935, and that it was not drilled with due diligence; that such well did not produce gas in paying quantities, and that Charles Wuest commenced the drilling of his second well sometime after March 7, 1936; that Charles Wuest, after November 24, 1935, and before the last of February, 1936, was not led to believe by the acts, conduct, and silence of appellee, Worley, that his lease was in good standing, and that Wuest did not go to any trouble and expense after November 24, 1935, and before the last day of February, 1936, by reason of believing from appellee's conduct, acts, and silence that the lease was in good standing.

Upon these findings the trial court rendered judgment cancelling the lease. Grubstake and Wuest appeal.

It is contended by the appellants that a failure to drill a well with diligence, as found by the jury, did not authorize a cancellation of an oil and gas lease, and that the trial court erred in rendering judgment upon such findings. If this were the only finding of the jury, it seems to be settled in this state that the trial court would not have

been authorized to render judgment cancelling the lease. Waggoner Estate v. Sigler Oil Co., 118 Tex. 509, 19 S.W.2d 27; Gibson v. Sheldon, Tex.Civ.App., 90 S.W.2d 841. We are of the opinion that the judgment is supported by other findings of the jury, which must be affirmed if appellants fail to demonstrate error in regard to other phases of the trial.

The appellants next contend that the trial court erred in overruling their motion for judgment, which alleged that the undisputed evidence showed that while the lease was in existence and in good standing the appellee repudiated the same and thereby relieved the appellants from the obligation to thereafter begin the drilling of another well until the cloud cast upon the appellants' title by such repudiation had been removed. The appellee objects to the consideration of appellants' complaint with reference to their motion for judgment, upon the ground that no error was assigned in appellants' motion for a new trial. The appellants' motion for judgment was filed May 8, 1937, and overruled on said date. Likewise, the said motion for a new trial was filed and overruled on the same date. The only mention of the motion for judgment in appellants' amended motion for new trial is as follows: "Now come the defendants (naming them) and without waiving the Motion for Judgment, but still insisting upon same, and in the event that the Motion for Judgment is overruled, etc."

It appears that the trial began on the 5th day of April, 1937, and the verdict of the jury was received on the 9th day of April. Appellee filed a motion for judgment on the 9th day of April, which was granted on the 8th day of May, 1937, and the judgment was rendered on the same date. The term at which the cause was tried was begun on the 5th day of April, which continued to and adjourned on the 8th day of May, 1937. Under rule 71–A as amended, effective March 1, 1937, a motion for new trial is not required because the judgment of the court was not rendered five days or more before the adjournment of the court for the term. The appellee insists that the trial pleadings of the appellants do not sustain the grounds upon which their motion for judgment rests. On the other hand, appellants claim their pleading of a general denial and cross-action amply supports their contentions presented by the motion for judgment. It may be that their motion for judgment should be construed as a motion for judgment notwithstanding the verdict. If so, it might be construed as being insufficient and therefore properly overruled under the authority of Hines et al. v. Parks, 128 Tex. 289, 96 S.W.2d 970. However, we do not predicate our ruling thereon. It is our opinion that the defense raised in the motion for judgment should have been specially pleaded and that the same could not be effectually presented under the general denial.

In appellants' cross-action it was generally stated that "appellee had clouded his title to said leasehold by repudiating said lease by filing this suit and by executing another lease." And the cross-action adopted all of the allegations in appellants' pleadings contained. As special defenses the appellants had pleaded the facts that appellee had encouraged the appellants to continue the operations of development and had led the appellants into the belief that from and after such time the lease was in existence until February 28th, at which time the appellee notified the appellants, by letter, that such lease had terminated.

It is our opinion that the appellants, by the re-adoption of all other pleadings in their cross-action, specially pleaded facts inconsistent with a repudiation of the lease by the appellee, Worley, from and after the completion of Wuest No. 1, to the 28th day of February, 1936, and their grounds set out in their motion for judgment were without pleadings to support said motion, and the trial court properly overruled the same.

In the case of Leon v. Gulf Production Company, Tex.Civ.App., 35 S.W.2d 1101, writ refused, it is said (page 1105): "If appellant wished to avoid the effect of the ten-year period stated in the contract, he should have specially alleged the matters of avoidance or explanations upon which he relies to continue the contract in force beyond the ten-year period. The defense of equitable estoppel must be specially pleaded." Citing authorities.

It is believed that if the appellants in the present case were relying upon a repudiation of the lease by appellee, Worley, under our rules of pleading it was encumbent upon them to specially allege the facts upon which they relied.

Appellee insists that the trial court properly overruled the appellants' motion for judgment because the acts of appellee, as shown by the evidence neither constituted a repudiation of the lease in law, nor prevented the performance of the obligations contained in the lease, to begin drilling within

the ninety-day period from November 24, 1935. While we agree with this contention, it is unnecessary for us to discuss this contention because of our previous ruling.

■ The appellants by their third proposition claim that the court erred in sustaining an objection to the answer to the following question propounded to the witness Lynd: "Q. Now, if Dr. Worley hadn't repudiated this lease and if he had given you the abstracts, and if they had been passed on and approved by your attorneys and he hadn't repudiated the lease, the chances are that you would have gone ahead and drilled this well· for Charles Wuest and so on, is that right?" The question was not answered by the witness. The bill was perfected on June 29, 1937, and the answer of the witness is shown in the following manner: "To perfect his bill the attorney for defendant C. N. Wuest, Jr., now states at time of approval of this bill that had the court not sustained the objection, the witness would have answered the question 'yes.'"

The question involves conclusions and is hypothetical in its nature. Under the issues as made by the pleadings, together with the form of the question, it is our opinion that no error is shown.

■ Appellants next complain of the definition of the term "production in paying quantities" given in the court's charge. The term was defined by the court as follows: "If a well is capable of producing sufficient gas to pay a profit to the one who has drilled the well over operating and marketing expenses for a reasonable period of time, such well in law is said to be capable of producing gas in 'paying quantities,' even though the profit may be small and may never repay the cost of the well, and even though the operation as a whole may result in a loss. The quantity must be sufficient to warrant its use on the market, and the income be profitable over operating and marketing expenses."

The objection made by the appellants that the last sentence was misleading and erroneous and placed a greater burden upon the appellants than the law requires, and because said sentence by omitting the word "reasonably" before the words "sufficient" and "warrant" was misleading, erroneous as requiring more than the law contemplates. We are of the opinion that under the au-

thorities of this state the definition given by the trial court was correct. Texas Oil & Gas by Thuss, § 76, p. 105, Hanks v. Magnolia Petroleum Company, Tex.Com. App., 24 S.W.2d 5, and authorities cited in the text.

The appellants under their sixth proposition allege error on the part of the trial court in the refusal to submit certain special requested issues; said issues embody the same contentions as urged by the appellants in their motion for judgment. In their motion for judgment they claim that the evidence shows such facts without dispute. Our ruling with reference to the motion for judgment requires the overruling of the sixth proposition.

■ By the seventh proposition the appellants assert for error certain arguments of the attorneys for appellee made to the jury during the trial. The proposition is presented with an insufficient statement, that is, by reference to the bills of exception. The proposition as presented does not call for a decision by this court.

■ By the eighth proposition the appellants claim fundamental error in the judgment canceling the entire lease upon 1,476 acres, because no testimony was introduced touching the development of 1,176 acres of the entire tract. A claimed error which requires the investigation of an entire statement of facts is not fundamental. We have, however, looked to the evidence and find it sufficient to entitle the appellee to a cancellation of the entire 1,476-acre tract.

The ninth proposition asserted by the appellants is substantially the same as their second; it is therefore overruled.

By the tenth proposition appellants attack the sufficiency of the evidence to sustain the jury verdict on special issues three and four. The appellants claim that there was no testimony of probative force that Wuest Well No. 1 did not produce gas in paying quantities. It is sufficient to say that we have examined the evidence with this attack in view, and find that the verdict of the jury is well supported by the evidence.

Believing that all of the propositions presented by the appellants are without merit and should be overruled, accordingly, the judgment of the trial court is affirmed.