MAYFLOWER DAIRY PRODUCTS, INC., Respondent, v. FIDELITY-PHENIX FIRE INSURANCE COMPANY OF NEW YORK, Appellant.

Supreme Court, Appellate Term, First Department, December 20, 1938.

*Rein & Thirkield,* for the appellant.

*Goldstein & Goldstein,* for the respondent.

PER CURIAM. Transportation or in transit as applied to a seller making its own deliveries to customers means the movement of the loaded conveyance carrying the goods from the starting point or seller's premises to the point of destination or place of delivery to the buyer or customer. While there may be some reasonable deviation, such as temporary stops, incidental to the process of delivery or necessary for those engaged in same, or even the return of undelivered goods, transportation or in transit implies the continuous action of moving the goods from the one point and putting them down in another. In our opinion in transit cannot include a period commencing on the evening of one day when for its own convenience the seller in its own premises loads the goods on its truck, and extending then on through the night during which the loaded truck is stored in such premises on to that time in the morning of the next day when the truck is manned and proceeds on its way to the point of destination. Such a situation implies storage.

Judgment reversed, with thirty dollars costs, and judgment directed for defendant, with costs.

All concur. Present — LYDON, HAMMER and SHIENTAG, JJ.