GULF INSURANCE COMPANY, a
Corporation, Appellant,

v.

Elmer BALL, Appellee.

No. 6890.

Court of Civil Appeals of Texas.

Amarillo.

May 4, 1959.

Rehearing Denied June 1, 1959.

Carter, Gallagher, Jones & Magee, Dallas, for appellant.

Burford, Ryburn & Ford, Aubrey J. Roberts, Dallas, for appellee.

PITTS, Chief Justice.

Appellee, E. F. (Elmer) Ball, sued appellant, Gulf Insurance Company, a corporation, for recovery by reason of a fire loss sustained under the terms of a policy of trip transit insurance issued by appellant. The record reveals that on or about August 5, 1948, appellee shipped 110 truck tires valued at $11,000 from Dallas, Texas, to Brownsville, Texas, by way of truck trailer with M. M. Dickerson, Jr., as the carrier, upon which tires appellee had issued by appellant a trip transit insurance policy for $8,910 against loss coverage and that the said load of tires, while in transit, was forced off of the highway and into a ditch to avoid a collision with another motor vehicle and in so doing Dickerson's truck collided with an embankment causing extensive damage to his truck. Thereafter Dickerson managed to disconnect the truck from the trailer and remove the truck from the ditch but was unable to remove the loaded trailer, which burned at night time by the side of the highway, as a result of which this suit arose. The trial court rendered judgment for appellee in the sum of $8,910 upon a jury verdict duly returned into court, from which judgment appellant perfected an appeal.

Appellant presents 21 points of error of which the first 12 points are grouped and briefed together contrary to the rules of briefing because some of them concern separate and distinct matters. It has been

held that assignments of error pointing out separate and distinct matters may not be grouped for consideration in briefing. Outlaw v. Bowen, Tex.Civ.App., 285 S.W.2d 280, and other authorities there cited. Appellant seeks here to complain in its first point about the exclusion of certain testimony offered by one of its agents in response to a conditional question propounded concerning appellant's procedure customs under given circumstances, which question and answer thereto is not related to other matters with which it is grouped for briefing and some of the other 11 points are not closely enough related to each other for group briefing. However, because of our liberal policy to consider such points so grouped and presented so long as we can separate them and determine with some degree of certainty what the briefer is complaining about, we shall consider as best we can all of the said points, although appellant's failure to observe the rules of briefing under such circumstances increases our burden and may cause some of the intended merits of appellant's points of error to be overlooked or neglected. For all of these reasons the attempt to group unrelated matters for briefing is here condemned.

According to the record before us, without exceptions or objections of either party, the trial court submitted 11 special issues to the jury, which in answer thereto found in effect that M. M. Dickerson, Jr. had notified appellant's agent, Floyd R. Garrett, at the time the policy was written that appellee was the owner of the tires in question; that Dickerson requested appellant's agent Garrett to issue the said trip transit policy in the name of appellee; that the failure of the said trip transit policy to name appellee as the insured was a mistake in reducing to writing the concurring intentions of Dickerson and Garrett; that the 110 truck tires covered by the said trip transit policy were in the truck trailer when it departed from Dallas for Brownsville and that such was true when the same, valued at $11,556, were destroyed by fire; that Dickerson was not an independent con-

tractor for appellee in transporting the tires in question but that Dickerson acted as agent for appellee in transporting the said tires; that Dickerson failed to use all reasonable means to save and preserve the said tires after the collision of his truck with the embankment and before the fire occurred but that his said failure was not the cause of the loss sustained by reason of the fire in question. Based upon such findings the trial court rendered judgment accordingly for appellee.

■ Appellant contends there was no evidence to support the jury findings in answer to special issues Nos. 1, 2, 3 and 10 to the effect that appellant's agent Garrett had been notified by Dickerson that appellee owned the tires, that Dickerson requested appellant's agent Garrett to issue the policy in the name of appellee, that the failure to issue the policy in the name of appellee was due to a mistake in preparation thereof, and that the loss due to a fire was not caused by the failure of Dickerson to use all reasonable means to save and preserve the tires after he had the truck accident by running into an embankment by the side of the highway, and appellant further contends that in any event the evidence was insufficient to support each of the foregoing jury findings and that by all means the said jury findings were against the great weight and preponderance of the evidence. The evidence heard concerning the foregoing issues is too lengthy to set out in this opinion but an examination of all of the evidence, some of which is not controverted and some of which is supported by appellant's verified admissions found in the record, reveals an abundance of evidence to support the jury findings here challenged and an examination of all of the evidence refutes appellant's contentions to the effect that the said jury findings were against the great weight and preponderance of the evidence. There was an abundance of evidence to the effect that appellant's agent made a clerical mistake in naming M. M. Dickerson, Jr. as the insured and in failing

to name appellee as the insured in accordance with instructions so to do and in making the insurance amount for $891 rather than $8,910 in accordance with instructions so to do and that upon receipt of the policy such mistakes were called to the attention of appellant's said agent who promised to correct the mistakes. The jury found that the failure to name appellee as the insured was a mistake and the evidence supports such a finding. Appellant did not except to or object to the submission of such issue to the jury and did not request the submission of any other issues to the jury. We think the jury finding is binding upon appellant and it should not now be heard to complain about matters it failed to have submitted to the jury.

■ Appellant complains because the trial court excluded certain testimony of its agent, Virgil B. Hooks, which testimony so tendered, according to appellant's bill of exception, was in response to a conditional question propounded involving conclusions of the witness which constituted speculative, conjectural and hypothetical statements, for which reasons such testimony in our opinion was properly excluded. Grubstake Investment Ass'n v. Worley, Tex.Civ.App., 116 S.W.2d 472.

■ Appellant charges in effect that after M. M. Dickerson, Jr. had an accident with his truck and trailer while en route with the tires, he abandoned the load of tires which were not in transit at the time of the fire. One who relies upon abandonment has the burden of establishing it. 1 Tex.Jur. 12. The question of abandonment has not by any means been here conclusively established as a matter of law and if any fact issue has been raised about it, appellant had the burden of asking that an issue concerning such be submitted to the jury. Having failed to do so it has waived its right to complain here about the matter. Rule 279, Texas Rules of Civil Procedure and Texas Employers' Ins. Ass'n v. Wright, Tex.Com.App., 4 S.W.2d 31. Appellant did not request the submission of any issue or

issues concerning either the question of abandonment or in transit. Consequently, if any fact questions were raised about these matters, they are deemed to have been found in favor of appellee since there is evidence to support such presumed finding. Wichita Falls & Okl. R. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79.

■ However, the evidence reveals that the said tires were enclosed in a locked steel trailer being pulled by a truck; that after Dickerson was forced into a ditch by the highway in Kenedy County, Texas, on August 6, 1948, to avoid a head-on collision with another approaching motor vehicle, his truck was extensively damaged; that Dickerson tried to get the truck and trailer out of the ditch but failed; that he caught a ride into Kingsville and obtained the help of a mechanic and a wrecker and got the truck out of the ditch but could not get the loaded trailer out; that after two days of unsuccessful efforts he left the truck tires securely locked in the steel trailer, notified the Highway Patrol of Kingsville of his accident and the location of the trailer and returned to Dallas to get help with the intention of returning to his trailer to get it out of the ditch and continue the trip to Brownsville to deliver the tires; that before he could get help and return to the trailer the tires were completely destroyed by fire. The record does not reveal the cause of the fire or how it got started.

The policy here involved provides in part:

"This insurance attaches from the time the goods or merchandise leaves factory, store, warehouse or dwelling at initial point of shipment and covers continuously thereafter while in due course of transit until safely delivered at factory, store, warehouse or dwelling at destination, or arrival at seaboard for export, whichever may first occur, including risk while in and/or on docks, wharves, piers and/or bulkheads, landing sheds, de-

pots, stations and/or platforms awaiting shipment and/or after arrival, but this Policy to cover only while goods are actually in transit."

In support of their claims both parties cited the case of Hailey v. Oregon Short Line R. Co., D.C., 253 F. 569, 571. In that case the court said in part:

"To say that the phrase 'in transit' is applicable only while a shipment is actually moving is to give to it an unusual and strained construction. Ordinarily a shipment is understood to be in transit from the point of origin until it reaches the point of destination. So long as it is in the course of being delivered to the place to which it is being shipped, it is in transit."

In our opinion according to the record and the authorities governing it, the goods in question had not been abandoned and were in transit at the time of the fire. Underwood v. Globe Indemnity Co., 245 N.Y. 111, 156 N.E. 632, 54 A.L.R. 485; Davis v. John L. Roper Lbr. Co., 138 Va. 377, 122 S.E. 113; Royal Ins. Co. v. Texas & G. R. Co., 53 Tex.Civ.App. 154, 115 S.W. 117; Amory Mfg. Co. v. Gulf, C. & S. F. Ry. Co., 89 Tex. 419, 37 S.W. 856; National Fire Ins. Co. v. Davis, Tex.Civ.App., 179 S.W.2d 316.

Appellant contends that its motion for an instructed verdict should have been sustained because following the collision of Dickerson's truck while transporting the tires, Dickerson did absolutely nothing to preserve, conserve and protect the tires in the trailer and made no effort to retain possession of them. The record does not support such contentions, as has been previously herein shown by the evidence cited. According to the evidence Dickerson never lost possession or control of the tires. He spent two days without success in an effort to get the trailer loaded with the tires out of the ditch and into a safer place until he could arrange to deliver the tires in Brownsville. He testified without contradiction that although he used every means at his command to get the trailer out of the ditch, he failed to do so, when he then left the tires securely locked in his steel trailer, notified the local officers where he was leaving the trailer while he returned to Dallas to get help to have the trailer removed from the ditch and continue his journey to deliver the tires in Brownsville when the said local officers called him and told him his trailer was on fire.

Appellant finally contends that judgment should have been rendered for it because appellee breached the terms of the contract by reason of the jury finding in answer to special issue No. 9 to the effect that Dickerson failed to use all reasonable means to save and preserve the said tires after his accident on the highway. But the jury further found in answer to the next special issue No. 10 that such failure of Dickerson did not cause the loss of the tires by reason of the fire and as has been previously herein stated there was ample evidence to support the latter finding of the jury and such finding is not against the great weight and preponderance of the evidence. In any event it appears to us that the uncontradicted evidence reveals that Dickerson used every reasonable means that an ordinary prudent person would have used under the same or similar circumstances to save and preserve the said tires after the occurrence of his accident on the highway.

We find no reversible error in the record, consequently appellant's points of error alleging the contrary are all overruled. However, in any event, the burden was upon appellant, who is complaining here of the actions of the trial court, to show from the record as a whole that the alleged error or errors complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rule 434; City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860; Mrs. Baird's

Bread Co. v. Hearn, Tex., 300 S.W.2d 646; Cloud v. Zellers, Tex., 309 S.W.2d 806; Condra Funeral Home v. Rollin, Tex., 314 S.W.2d 277; State of Texas v. Parrish, Tex., 320 S.W.2d 330. In the case at bar it is our opinion that appellant failed to discharge such burden and has not in any event shown that the alleged error or errors about which it complains here were reasonably calculated to cause and probably did cause the rendition of an improper judgment.

For all of the reasons stated the judgment of the trial court is affirmed.