Samuel M. Gold, J.
Defendant moves for summary judgment dismissing the complaint. The action is based upon a Marine *338 Open Cargo policy. It provided the following coverage: “ 12. This insurance attaches from the time the goods leave the Warehouse and/or Store at the place named in the policy for the commencement of the transit and continues during the ordinary course of transit, including customary transhipment if any, until the goods are discharged overside from the overseas vessel at the final port. Thereafter the insurance continues whilst the goods are in transit and/or awaiting transit until delivered to final warehouse at the destination named in the policy or until the expiry of 15 days (or 30 days if the destination to which the goods are insured is outside the limits of the port) whichever shall first occur. The time limits referred to above to be reckoned from midnight of the day on which the discharge overside of the goods hereby insured from the overseas vessel is completed. Held covered at a premium to be arranged in the event of transhipment, if any, other than as above and/or in the event of delay in excess of the above time limits arising from circumstances beyond the control of the Assured.” It is the contention of the defendant that the goods never left the warehouse and consequently the warehouse-to-warehouse coverage does not apply.
Plaintiffs contend that the goods were removed and separated from the manufacturing area of the building and placed in the shipping area where they were turned over to the control of the trucker which, for its own convenience, left the goods in the shipping area for a period of time until the damage occurred. Thus, the plaintiffs contend that while the goods did not leave the warehouse, they were in the normal course of transit since the truckman had already accepted the goods for shipment. There was no physical separation of the goods from the warehouse where goods are usually kept before they are put in the course of transportation, and while the goods may have been checked out to the trucker, they were not cheeked out of plaintiff’s building.
The loading of trucks within the building does not constitute ‘1 in transit ’ ’ until there is a movement out of the building. Plaintiff relies on Federman Co. v. American Ins. Co., 267 N. Y. 380). There the goods had arrived at their destination and were unloaded and placed upon another vehicle. The court stated (pp. 383-384): “ With these arrangements and this disposition of the goods, the consignor had nothing to do. The function of the last carrier engaged by the consignor was fulfilled. * * * To sustain the decision of the Appellate Division, we must be prepared to hold that plaintiff could itself extend indefinitely the duration of defendant’s policy risk after the *339 goods were at destination. ’ ’. The attempted extension here of defendant’s policy risk is at the initiation of the transportation, upon the claim that plaintiff upon. committing the goods to the trucker had no further control over them. While this may be. true, plaintiffs nevertheless may not extend the policy risk which covers only after the goods leave the warehouse and are in actual movement. The intermediate period here involved is not within the risk covered with respect to the time when the risk applies. The motion is granted dismissing the complaint.