Harold Baer, J.
This is an action to recover the amount of a loss suffered by plaintiff insured from defendant insurer. *966 Under the terms of a transportation policy defendant insured plaintiff against loss of goods “at and in transit”.. The parties have submitted the controversy on liability to the court on an agreed statement of facts.
Plaintiff is a dealer in antiquated documents. He decided to exhibit a number of rare documents, books and antiquarian pamphlets at a show in California. He shipped some 17 cartons in advance and intended to bring some more valuable items with him. The items he intended to take along were packed into three suitcases. Two small ones were placed in the trunk of his car and the one large suitcase, inside the car. He then drove home, parked his car in front of his house, locked it, and went to his apartment. His intention was to leave the car overnight and continue to Kennedy Airport the next morning when he was to board a plane to California, taking the merchandise with him. In the morning, it was discovered that the car had been broken into and the case inside it had been stolen.
The sole question for the court to decide is whether the stolen goods were “ in transit ” within the meaning of the policy.
There is no question that conveyance of the goods had begun and the parties have stipulated that the ultimate destination, which was California, was never reached. This case is therefore distinguished from those in which transportation had not yet begun (Mayflower Dairy Prods. v. Fidelity-Phenix Fire Ins. Co., 170 Misc. 2; San-Nap-Pak Mfg. Co. v. Firemen's Ins. Co. of Newark, 47 N. Y. S. 2d 542), and those in which the goods had already arrived at their ultimate destination (Federman Co. v. American Ins. Co., 267 N. Y. 380). The question here is whether the goods, temporarily halted in their journey, are to be considered ‘1 in transit ’ ’.
“ Once the transportation of the goods has started, the property remains protected under the policy during the ordinary delays in transshipments incident to such movements * * * and [coverage] is not confined to periods of actual movement, but includes periods of rest during the progress of the continuous undertaking”. (30 N. Y. Jur., Insurance, § 1160; Underwood v. Globe Ind. Co., 245 N. Y. 111; 11 Couch, Insurance 2d, § 42:155.) Whether an interruption in actual transit is sufficient to remove the goods from coverage, depends on the extent and purpose of the interruption in the context of the risk contemplated. A temporary interruption for a purpose related to the carriage itself does not remove the property from transportation (see Ann. 80 ALR 2d 450, § 4). The true test is whether the goods, even though temporarily at rest, were still on their way, with the stoppage being merely incidental to the *967 main purpose of delivery. Thus, where a driver, overtaken by darkness, stops to sleep, it cannot be said that the journey has ceased (Pulitzer Creations v. Phoenix Ins. Co., 47 Misc 2d 801, affd. 52 Misc 2d 934; Ries & Sons v. Automobile Ins. Co., 121 N. J. L. 493; also, see, Home Ins. Co. v. F & F Clothing Co., 250 Md. 534).
The court, therefore, finds that the merchandise in question was in transit at the time of the theft. The defendant is liable to the plaintiff, and the assessment of damages is set down for the June 1970 calendar of Trial Term Part I.