Lupiano, J.
(dissenting). Plaintiff, a corporation specializing in the hauling and storage of theatrical properties, purchased a policy of insurance from defendant, which covered it for liability as a carrier for loss or damage caused by specified perils to shipments of goods while in transit. The specific clause at issue provides that the policy “ covers the [plaintiff’s] liability as a carrier * * * for loss or damages directly caused by perils hereinafter specified to shipments of lawful goods consisting principally of theatrical and television equipment while such goods are in due course of transit in or on *960 vehicles owned, hired, leased, operated or used by the [plaintiff] ” (emphasis supplied). The facts giving rise to this action are succinctly set forth in the decision below (Walton Hauling & Warehouse Corp. v. Aetna Cas. & Sur. Co., 69 Misc 2d 295, 296), and are aptly characterized as “ rather bizarre ”. They are as follows: “ On March 29, 1968, the plaintiff’s employees loaded a caster box measuring 4 feet by 4 feet by 4 feet on one of its trucks for delivery to a client’s studio where a new play was being rehearsed. Unbeknownst to the driver, while en route to the studio, the box fell off the truck. A passerby who apparently saw the incident and saw the plaintiff’s name on the truck telephoned and advised the plaintiff of the occurrence. The information was relayed to the studio where the delivery was to be made, and the driver, when he arrived, was immediately dispatched to recover it. Upon his arrival at the scene, he found the box but unfortunately, almost all of the merchandise that had been packed in the box had disappeared. The only clear inference to be drawn is that the box was opened and looted by a person or persons unknown between the time it fell off the truck and the time the driver returned for it ”. The key issue is whether' the loss suffered by plaintiff is covered under the policy.
The cases cited in the decision below involve interpretation of the words ‘‘ in transit ’ ’ and are not dispositive of the effect and meaning, of the term “in or on vehicles”. Indeed, the decision below is predicated on the assumption and the conclusion that the goods involved herein were ‘ ‘ in transit ’ ’ when the loss occurred. There is grave doubt that such conclusion can be indulged in. In Franklin v. Washington Gen. Ins. Corp. (62 Misc 2d 965, affd. 36 A D 2d 688), cited by the court below as authority for this conclusion, the policy insured against loss of goods “ at and in transit ” and the sole issue was whether the stolen goods were “ in transit ” within the meaning of the policy. The court stated (p. 966): “ The true test is whether the goods, even though temporarily at rest, were still on their way, with the stoppage being merely incidental to the main purpose of delivery”. In Underwood v. Globe Ind. Co. (245 N.Y. 111) also cited by the court below, there was no doubt that the goods were ‘ ‘ in the custody ’ ’ and control of the insured while “ in transit ”. As aptly observed by the Court of Appeals (p. 115): “ The bonds were still in transit in the process of being taken somewhere for delivery, or to be returned to the office when stolen from Del Be ”. Here, again, the significance of control or custody is implicitly demonstrated.
*961 Note must be taken of the fact in the case presently under consideration that the delivery of the shipment had been completed, albeit there was one box missing. The missing box, having fallen from the truck and at rest on. the roadway or adjacent thereto, could not under the circumstances herein be considered to be still on its way and in the custody of the insured. In this context, the case of Keith Fulton & Sons v. Continental Ins. Co. of City of N. Y. (273 F. Supp. 486) obtains compelling influence. At critical issue therein was the question whether the loss came within the “collision” perils insured against. With respect to the term “in or on motor trucks ” contained in the policy, the court concluded (p. 490) that such words “ appear not in the part of the policy describing coverage but in the part identifying the goods insured. The apparent purpose * * * is to exclude losses for which the carrier may be liable under 49 U. S. C. § 20 (11) while the goods are not in its custody and control ”. The evidence demonstrated that the truck driver immediately pulled over to the side of the highway and stayed with the damaged goods until the arrival of another of the insured’s trucks equipped with a winch (ibid., n. 4). Accordingly, if utilization of the term “in or on motor trucks ’ ’ be deemed to convey the concept of custody and control, such custody was clearly demonstrated. However, under our bizarre fact pattern it is difficult to conceive how the goods which fell from the truck and which were subsequently found by inference to have been looted, could be deemed to be within the insured’s custody and control at the time of loss, -or in due course of transit. Chemstrand Corp. v. Maryland Cas. Co. (266 Ala. 626), cited in the decision below, is patently distinguishable in that there the driver attempted to recover that part of the goods lost before delivery -of the balance of the shipment, and the terms “ in or on the truck ’ ’ were not employed. To sustain the judgment herein this court must agree with the holding below (p. 298) that it is “immaterial whether the theft took place while the merchandise was actually ‘ in or on ’ the plaintiff’s vehicle”. I cannot subscribe to such holding in these circumstances.
I am constrained, in view -of the aforesaid and in light of the language used by the Appellate Division, First Department, in Royce Furs v. Home Ins. Co. (30 A D 2d 238 [1968]), to conclude that plaintiff must demonstrate continued custody and control as of the time of the loss in order to recover under the terms of the policy. Some effect must be given the term “in or on vehicles ” as used in the agreement of insurance herein, *962 absent a clear demonstration that as a matter of law such term is immaterial and mere surplusage. The loss did not occur when the crate fell from truck. Some time later, the crate was recovered by the driver on his retracing of the route of transit. The loss occurred when the contents of the crate were removed. At that time, the crate was unattended, transit in due course had ceased, and control and custody were dissipated. In Royce Furs v. Home Ins. Co. (supra, p. 241) the Appellate Division in construing the language “ actually in or upon such vehicle ”, observed with approval the case of Princess Ring Co. v. Home Ins. Co. (52 R. I. 481, 484) as aptly summarizing the purpose of such clause: “ ‘ The phrase, “ shall remain in or upon the conveyance ” fixed the place where the person attending the automobile was required to be when the property insured was “in or upon any automobile ’’. The same phrase is used both in reference to the property insured and the person attending the automobile. Both must be “in or upon” the automobile. “ Opportunity makes the thief ” ’ ” (emphasis supplied).
Accordingly, the judgment should be reversed and the complaint dismissed.
Concur — Quinn, J. P., and Fine, J.; Lupiano, J., dissents in memorandum.
Judgment affirmed, etc.