Martha Zelman, J.
Both parties within this action agree to waive a trial by jury on the issue of damages, and to submit to the court an agreed set of facts based upon which the sole issue of law would be decided. The sole issue presented is whether or not the loss suffered by the plaintiff was covered under defendant Hartford Accident & Indemnity Company insurance policy entitled "Trip Guard Baggage Policy TBF 127241.”
The parties have stipulated the amount of damages to be the full sum of the coverage of the policy, $5,000.
Plaintiff, Ira Citron, rented space in a garage under the building in which he lived, located at 70-20 108th Street, Forest Hills in the County of Queens. On Wednesday, December 18, 1974, he packed his personal effects and those of his family in preparation for a trip to Grossinger’s, a resort hotel upstate. He made five trips to the car in the garage from his apartment and upon going down the sixth time discovered the entire car to be missing plus its contents.
The loss of the car which was reported to the 112th Precinct and recovered a week later is not at issue here; what is at stake is the interpretation of the Trip Guard Policy, covering the contents. The policy provides:
"The provisions effecting this insurance are as follows:
*27 "1. This policy insures Personal Effects (EXCLUDING ANIMALS, AUTOMOBILES, AUTOMOILE ROBES AND AUTOMOBILE EQUIPMENT, MOTORCYCLES, BOATS, MOTORS, OR OTHER CONVEYANCES OR THEIR APPURTENANCES, excepting BICYCLES while checked as baggage with a common carrier, HOUSEHOLD FURNITURE, CONTACT LENSES, ARTIFICIAL TEETH AND LIMBS, MONEY, SECURITIES, TICKETS AND DOCUMENTS) owned by and for the personal use, adornment or amusement of the Insured or any member of the Insured’s family traveling with the Insured, while in transit or while in any hotel or other building en route during any journey anywhere in the World on water, land or in the air.
"2. THIS POLICY INSURES AGAINST:
"All risks of loss of or damage to the insured property except as hereinafter provided.” Defendant argues that the policy covers plaintiff’s possessions only while "in transit” and seeks to have the term defined as meaning after movement in a vehicle has commenced. Plaintiff contends that the term "in transit” should be interpreted so that the insured was "in transit” from the moment he placed any of his property in the car and that his trip commenced from that moment on within the meaning of the "all-risk” worldwide policy.
The policy here in issue does not at all define "in transit”. Numerous cases have applied the doctrine of "contra profereiitum” to failures to define terms of the policy. This doctrine holds that ambiguity in non-negotiated or adhesion contracts are to be construed against the profferer, here the insurer.
In the case of Sincoff v Liberty Mut. Fire Ins. Co. (11 NY2d 386), plaintiff insured, purchased a policy covering damage to furniture. The policy contained a clause excluding losses caused by "vermin” but failed to define "vermin”. The insurer, relying on the exclusionary clause refused to pay for damage caused by carpet beetles and moths. The court, applying the "contra proferentum” doctrine resolved the dispute in favor of the insured, since the insurer had created an ambiguity by failing to define its terms.
Similarly, the doctrine was applied in Hartol Prods. Corp. v Prudential Ins. Co. (290 NY 44), to the phrase "engaged in aviation”. There, the deceased insured was killed in an air crash while a fare-paying passenger. His accident policy which included a death benefit, excluded losses "while * * * engaged in aviation” but failed to define "engaged in aviation”. The *28 court held that the phrase was ambiguous, in that it could be applied to either fare-paying passengers or to crew members only. Since the policy did not resolve the ambiguity, the term was construed against the insurer.
This court finds that the insurer in case at bar has similarly failed to define a material term. Indeed, there is ample authority for so holding that "in transit” in this context is inherently ambiguous.
In Ore & Chem. Corp. v Eagle Star Ins. Co. (489 F2d 455, 457) the court applied "the rubric of insurance law that any ambiguity in the construction of the policy will be resolved against the insurer,” to the phrase "due-course-of-transit.” (See, also, Bronx Sav. Bank v Weigandt, 1 NY2d 545, Restatement, Contracts 2d, § 232.) "In the final analysis, the outcome of the case such as this should be determined not by precise semantic shadings of terms of art, but by common-sense appraisal of the over-all situation.” (Ben Pulitzer Creations v Phoenix Ins. Co., 47 Misc 2d 801, 804, affd without opn 52 Misc 2d 934 (App Term First Dept [construing "in transit” in a slightly different fact situation].)
Defendant cites, among others, San-Nap-Pak Mfg. Co. v Firemen’s Ins. Co. of Newark (47 NYS2d 542) and Mayflower Dairy Prods, v Fidelity-Phenix Fire Ins. Co. (170 Misc 2) to support its contention that "in transit” requires actual movement. These cases all involve commercial storage or transport as policies contrasted to the personal family "all-risk” travel guard policy before the court. As such, they are inapposite.
A very liberal interpretation to the words "in transit” should be given. The failure to do so would be to rob the insured of the very coverage that he reasonably intended and assumed he would get. Policies covering all risks of loss anywhere in the world while the insured’s baggage is in transit or on route in any journey are offered on a take it or leave it basis. Their terms are not negotiable.
In the case before this court, plaintiff purchased a family trip guard policy. It was reasonable for him to rely on the "all-risk” aspect of the policy, and the court finds that he so acted. It was the duty of defendant, Hartford Accident & Indemnity Co., the writer of the policy, to define what it was covering. It failed to do so and must bear the burden of its failure. Judgment for plaintiff.