Memorandum. The judgment of the court below (see 86 Misc 2d 26) should be affirmed, with $25 costs.
Plaintiff, in preparation for a trip which was to commence early the following morning, was in the process of loading his car. The car was parked in the garage located below plaintiff’s apartment building. When he went down for the sixth time, he discovered that the car, which was partially loaded, had been stolen. The sole issue involved herein was whether the loss was covered under a "Trip Guard Baggage Policy” issued by defendant.
The policy provided that plaintiff’s goods would be covered while "in transit,” but this term was nowhere defined. Since its meaning is ambiguous, it should be construed against the insurer (Bronx Sav. Bank v Weigandt, 1 NY2d 545, 552). Defendant could have provided that coverage would not attach until plaintiff left his garage. In the absence of such provision, it is our opinion that the property was in transit when plaintiff removed it from his residence.
In reaching this conclusion, we are mindful of a line of cases which hold that goods are not in transit where they are loaded in vehicles, but had not left the insured’s premises (Starlight Fabrics v Glens Falls Ins. Co., 297 NY 426; Brammer Corp. v Holland-America Ins. Co., 34 Misc 2d 337, affd 19 AD2d 697; San-Nap-Pak Mfg. Co. v Firemen’s Ins. Co. of Newark, 47 NYS2d 542, affd 268 App Div 905). However, these *904 cases all dealt with commercial policies as contrasted with the personal family policy involved herein. In addition, these policies specifically provided that coverage would not attach until the goods left the insured’s warehouse, store or factory.
Concur — Schwartzwald P. J., Pino and Buschsman, JJ.