**PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, Appellant,**

v.

**John C. MURPHY, Appellee.**

**No. A1989.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 14, 1979.

Rehearing Denied April 4, 1979.

James H. Limmer, Tekell, Book & Matthews, Houston, for appellant.

N. J. "Jim" Farrell, Houston, for appellee.

Before MILLER, PRESSLER and SALAZAR, JJ.

SALAZAR, Justice.

Defendant-insurance company appeals from a jury verdict which found that goods stored overnight in a truck on motel premises and subsequently stolen were in transit within policy coverage. Based on the jury verdict, the trial court awarded plaintiff-appellee a judgment for the value of the stolen goods less the deductible amount with prejudgment interest. The appellant-insurance company challenges the trial court's overruling of its motion for instructed verdict and motion for judgment not-

withstanding the verdict on the ground there was no evidence as a matter of law that appellee's goods were in transit at the time of theft, and appellant challenges the award of judgment to appellee on the ground there was no evidence to support the jury's answer to special issue number one, finding appellee's goods to be in transit at the time of the theft. Appellant further contends that the trial court erred in overruling its motion for new trial on the ground there was insufficient evidence to support the jury's answer to special issue number one. Appellee controverts the points of error, urging there was ample and sufficient evidence to support the jury's finding that the goods were in transit, that policy coverage also existed covering appellee's loss under the 72 hour terminal coverage and the theft endorsement, and that any ambiguity in the policy language should construe against the insurer to afford coverage. We conclude that the goods were in transit at the time of the occurrence in question and therefore affirm the judgment of the trial court.

As stipulated by the parties at trial, on or about August 23, 1973, while the policy made the basis of this suit was in full force and effect, the appellee suffered a loss of goods consisting of sporting and wearing apparel. Appellee had arranged to purchase the sports apparel from a manufacturer located in Mexico. Having paid the purchase price beforehand, appellee further arranged to accept delivery of goods in San Antonio. He intended to rent a truck there and transport the goods back to Houston himself.

Prior to the trip to San Antonio, appellee paid a premium for an inland marine cargo insurance policy with appellant. The policy had a theft endorsement covering theft of the entire shipment and also had attached a motor truck cargo owners and truckmen's form. This form provided coverage on "Men & boys sporting wearing apparel" owned by the insured for direct loss caused by any of the listed perils in transit while loaded for shipment in or on vehicles described in the policy within the radius specified on the form. In appellee's policy, the

radius of operations was designated to be three hundred miles of Houston, Texas. Under the vehicle description section, it was typed in as "Assured Rents Truck to Transport Merchandise from Local Truck Rental Firm as needed." The limit of liability was $15,000.00 limited to one truck. Appellee's deductible amount was $250.00. The truckmen's form thereafter set out the perils which the policy protected against, the exclusions, and the special conditions. Under the exclusions section, loss or damage to any shipment in or on any vehicle under the control of the insured after such vehicle has remained at any dock, depot, station, terminal for more than seventy-two hours after arrival of the vehicle at such location was not covered by the policy.

Upon arrival in San Antonio by air from Houston, appellee checked into a motel near the airport and rented a truck. He parked it in the motel parking lot. Appellee testified that a truck bearing the lettering "TORMEX", the name of the manufacturer, arrived at the motel between 8:00 P.M. and 9:00 P.M. on the evening of August 22, 1973. Appellee then moved his rented truck from the lot on to the side street to facilitate the transfer of boxes of apparel. He pulled the truck back into the parking lot and padlocked it before retiring to his motel room. Appellee later testified that he intended to spend the night in San Antonio because he knew what time he was going to get there. The truck was broken into during the night and the goods taken.

At trial, the plaintiff-appellee's case consisted of testimony from two witnesses, John C. Murphy, the plaintiff, and Robert W. Blanchard, a self-employed claims adjuster whom Mr. Murphy had contacted for representation in the theft loss with appellant. Appellant offered the offense report form the San Antonio Police Department as evidence in its case. The jury deliberated on two special issues, the first of which was accompanied by an instruction of "in transit", to wit: in the course of passing from the point of origin to the destination point, so long as the property is in the course of being delivered to the place of which it is

being shipped. No objection was made to this instruction by appellant and the record shows that no other instructions were requested by appellant.

In response to special issue number one, the jury found that the goods were in transit while loaded for shipment in or on vehicles described in the policy at the time the goods were stolen. In response to special issue number two, the jury did not find that appellee failed or refused to submit to examination under oath, by any person designated by appellee, in connection with the investigation of the loss.

Appellant's first three points of error urged that there was no evidence as a matter of law that the plaintiff's goods were in transit at the time of the occurrence in question and therefore the trial court erred in overruling appellant's motion for instructed verdict and motion for judgment notwithstanding the verdict and that the trial court further erred in entering judgment for the plaintiff. In deciding "no evidence" points of error, such a point of error must be sustained on appeal if reasonable minds cannot differ from the conclusion that the evidence lacks probative force. *Wood v. Townsend,* 144 Tex. 594, 192 S.W.2d 884 (1946); *Joske v. Irvine,* 91 Tex. 574, 44 S.W. 1059 (1898); Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L.Rev. 361 (1960). Here it cannot be said that there was no probative evidence that the plaintiff's goods were not in transit at the time of the occurrence in question. A duly empaneled jury found the facts to be such that the goods were indeed in transit at the time of theft. Furthermore, in deciding no evidence points of error, the evidence on appeal must be viewed in its most favorable light in support of the finding of the vital fact, considering only the evidence and the inferences which support the vital fact and rejecting the evidence and the inferences which are contrary to that finding. Calvert, 38 Texas L.Rev. at 364. Having done so, this court finds that the evidence does support the finding that the goods were in transit and thus appellant's first three points of error cannot be sustained.

The facts of this case are more closely akin to the facts in *Gulf Insurance Co. v. Ball,* 324 S.W.2d 605 (Tex.Civ.App.—Amarillo 1959, writ ref'd n. r. e.). In *Gulf,* the carrier was transporting a shipment of tires insured under the terms of a trip transit insurance policy. While travelling on the highway, the driver was forced into a ditch to avoid a collision and the truck suffered extensive damage. *Gulf Insurance Co. v. Ball, supra* at 608. Before the driver could return to get the trailer out of the ditch, the locked trailer and its contents were destroyed by fire. The policy provided coverage from the time the goods left the initial point of shipment while in the due course of transit until safely delivered at destination. The court held the goods to be in transit at the time of the fire. *Gulf Insurance Company v. Ball, supra* at 609.

Unlike the facts in *United States Fidelity and Guaranty Co. v. Hutton Construction Co., Inc.,* 544 S.W.2d 762 (Tex.Civ.App.—Dallas 1976, writ ref'd n. r. e.), *Haggar Company v. United States Fire Insurance Company,* 497 S.W.2d 61 (Tex.Civ.App.—Texarkana 1973, no writ), and *Simons v. Niagara Fire Insurance Company,* 398 S.W.2d 833 (Tex.Civ.App.—Fort Worth 1966, no writ), the sports apparel in the present case did not lie in a warehouse or grain elevator at the time of loss for a week, three months, or over a weekend. Indeed, the goods were loaded in a truck being transported to Houston. Appellee intended only to pass the one night before beginning the journey back to Houston given the lateness of the hour.

The policy itself did not define "in transit". It is a settled rule that policies of insurance will be interpreted and construed liberally in favor of the insured and strictly against the insurer, and especially so when dealing with exceptions and words of limitation. *Glover v. National Insurance Underwriters,* 545 S.W.2d 755, 761 (Tex.Sup. 1977); *Ramsey v. Maryland American General Insurance Company,* 533 S.W.2d 344, 349 (Tex.Sup.1976). When the language of an insurance contract is ambiguous, that is

to say, subject to two or more reasonable interpretations as is the case here, then the construction which affords coverage will be the one adopted. *Glover v. National Insurance Underwriters, supra* at 761. We hold that the sports apparel was still in transit so long as the property was in the course of being delivered to the place to which it was being shipped.

Appellant's fourth point of error raises an insufficient evidence contention that the trial court erred in overruling its motion for new trial because there was insufficient evidence to support the jury's finding to special issue number one that appellee's goods were in transit at the time of the occurrence in question. In deciding on insufficient evidence point of error, this court must review all of the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of all the evidence to be clearly wrong. *A. B. McGowen v. State,* 558 S.W.2d 561, 564 (Tex.Civ.App. —Houston [14th Dist.] 1977, writ ref'd n. r. e); Calvert, 38 Texas L.Rev. 361, 366 (1960). We believe that there was ample credible evidence to support the jury's finding that the goods were in transit. Appellee's testimony established the sequence of events leading to the delivery of the goods and established a theft which was duly reported to the police. Upon reviewing this evidence, we cannot say that the jury finding was so contrary to the overwhelming weight of the evidence to be clearly wrong.

Having overruled appellant's points of error, we affirm the judgment of the trial court.