Ron WILLIAMS, Plaintiff/Appellant,

v.

BERUBE & ASSOCIATES, and
Essex Insurance Company,
Defendants/Appellees.

Court of Appeals of Tennessee,
Western Section, at Nashville.

Feb. 11, 2000.

Application for Permission to Appeal
Denied by Supreme Court
July 17, 2000.

Charles J. Gearhiser, Robin L. Miller, Gearhiser, Peters, Lockaby & Tallant, PLLC, Chattanooga, G.M. Adcock, Rossville, GA, for appellant.

David P. Hawley, Chattanooga, Nora A. McCarthy, Ruth & McCarthy, P.C., Chattanooga, for appellee, Berube & Associates.

ALAN E. HIGHERS, J.

Williams ("Plaintiff") appeals from the trial court's dismissal of Plaintiff's complaint in this insurance case. For the reasons hereinafter stated, we affirm the actions of the trial court.

### Facts and Procedural History

This appeal arises from a suit filed by Plaintiff in the Marion County Chancery Court. Plaintiff brought suit against Essex Insurance Company ("Defendant Essex") for failure to pay insurance proceeds allegedly due under Plaintiff's insurance policy. Plaintiff amended his complaint to include Berube & Associates ("Defendant Berube") on the charge of misrepresentation. Defendant Essex cross-claimed against Defendant Berube for indemnification in the event Essex was ordered to pay proceeds. After a non-jury trial, the trial court dismissed with prejudice both Plaintiff's complaint and Defendant Essex's cross-compliant. Plaintiff appeals based on the following facts.

At the time this cause of action arose, Plaintiff operated two businesses, one that produced and installed metal buildings and another dealing with NASCAR products. According to Plaintiff, the home office of both these businesses was located in Monteagle, Tennessee. This case centers on Plaintiff's NASCAR business. Plaintiff sold NASCAR racing memorabilia (hereinafter "cargo") at NASCAR races and trade shows. Plaintiff and his employee trans-

ported the cargo to races and trade shows in a trailer pulled by a truck. The trailer and cargo were stored at Plaintiff's NAS-CAR Racing Shop in Dalton, Georgia, when not in use.

Plaintiff obtained three insurance policies for the NASCAR business from his insurance agent, Defendant Berube. The policy in dispute is a motor truck cargo liability insurance policy on the cargo (cargo policy) which included coverage for the trailer. This policy and a similar policy solely for the trailer were provided through Defendant Essex.[1]

Three provisions of the cargo policy are of particular importance to the Plaintiff's case. First, the cargo policy covered the cargo when it was in the trailer and "in transit." "In transit" was not defined in the policy. Both Plaintiff and Defendant Berube believed the cargo was protected any time it was in the trailer. In addition, the policy excluded coverage for the owner's goods on any of the insured's premises. "Premises of the insured" was not defined in the policy. Plaintiff believed this provision was limited to the home office or Dalton location. Finally, an Alarm Warranty provision required Plaintiff to install an alarm on the trailer and to provide inspection of the alarm every sixty days by "authorized representatives." The provision was unclear as to whether the inspection must be performed by a professional or whether Plaintiff himself could perform the inspection. Plaintiff had an alarm installed and the inspections were performed by his employee, Mr. Tenenbaum.

On December 17 or 18, 1994, Tenenbaum left a trade show in Chattanooga, Tennessee, driving a truck pulling the trailer and cargo. Rather than driving the trailer to the Dalton location where it was usually kept, Tenenbaum disconnected the trailer and left it on Plaintiff's lot in Rossville, Georgia. The lot was used for manufacture of metal buildings for Plaintiff's other business and normally was not used in connection with Plaintiff's NASCAR business. On December 26, following a three day business closing for the Christmas holiday, Plaintiff discovered that the trailer and its cargo had been stolen from the Rossville lot. Plaintiff had no insurance policy specifically covering the Rossville lot other than general public liability insurance.

Plaintiff filed a Proof of Loss with Defendant Essex for the loss of the trailer and its cargo. Essex paid for the loss of the trailer but refused to pay for the loss of the cargo itself. Essex denied coverage for the cargo on the basis that the policy was voided by Plaintiff's failure to comply with the inspection conditions of the Alarm Warranty, because the cargo was not "in transit" at the time of the loss, and because the cargo was stored in a parked vehicle "on the premises of the insured."

Plaintiff filed suit against Defendant Essex to recover insurance proceeds for loss of the cargo in the Marion County Chancery Court on December 22, 1995. Plaintiff amended his complaint to add a claim against Defendant Berube for misrepresentation of the cargo policy coverage. Defendant Berube's motion to dismiss or for judgment on the pleadings was apparently not ruled upon. Defendant Essex's motion for summary judgment was denied. Defendant Essex filed a cross-claim against Defendant Berube for indemnification in the event that Essex was ordered to pay for the cargo loss.

The case was heard by non-jury trial on October 26, 1998. The court held that

---

1. Plaintiff also obtained a policy covering the "warehousing" of the cargo through Scottsdale Insurance Company. Scottsdale was an original defendant in Plaintiff's complaint. Scottsdale denied coverage on the basis that its policy covered the cargo when stored at the Dalton, Georgia location, not while in transit. Following a grant of summary judgment for Scottsdale by the lower court, Plaintiff did not appeal the case as to Scottsdale. Therefore, only the positions of Defendant Berube and Defendant Essex are relevant for this appeal.

Plaintiff did not breach the provisions of the Alarm Warranty and that "premises of the insured" was ambiguous and could not be used to deny coverage. However, the court also held that no misrepresentations were made by Defendant Berube and that the cargo was not "in transit" at the time of the loss and therefore not covered by the cargo policy. Thereafter, the trial court dismissed Plaintiff's complaint and the cross-complaint filed by Essex. Plaintiff filed a timely notice of appeal.

## Analysis

As a preliminary matter, we find it appropriate to note that we need not address all of the issues raised by the appellant and appellees. This appeal can be resolved upon two issues: whether or not the cargo was "in transit" at the time the loss occurred, and whether Defendant Berube misrepresented the coverage provided. It is unnecessary to address whether the trial court was correct in finding that Plaintiff abided by the alarm provision, and whether the exclusion for "premises of the insured" was too vague. Therefore, our analysis is limited the "in transit" and misrepresentation issues.

The standard of review for a non-jury case is de novo upon the record. *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn.1995). There is a presumption of correctness as to the trial court's factual findings, unless the "preponderance of the evidence is otherwise." TENN. R.APP.P. Rule 13(d). For issues of law, the standard of review is de novo, with no presumption of correctness. *Ridings v. Ralph M. Parsons Co.*, 914 S.W.2d 79, 80 (Tenn.1996).

### "In transit"

The cargo policy issued by Defendant Essex covered only those loses that occurred while the cargo was "in transit." On appeal, Plaintiff argues that the trial court erred in finding that the cargo was not "in transit" at the time the loss occurred. Plaintiff claims first that "in tran-

sit" is ambiguous, and secondly that his cargo was "in transit" under the appropriate definition. Our analysis will address both of these contentions.

The interpretation of a written agreement is a matter of law and not of fact, therefore, our review is de novo on the record with no presumption of the correctness of the trial court's conclusions of law. *Union Planters Nat'l Bank v. American Home Assurance Co.*, 865 S.W.2d 907, 912 (Tenn.App.1993). Insurance contracts are subject to the same rules of construction and enforcement as apply to contracts generally. *McKimm v. Bell*, 790 S.W.2d 526, 527 (Tenn.1990).

An ambiguity in a contract is characterized as doubt or uncertainty arising from the possibility of the same language being fairly understood in more ways than one. *Hillis v. Powers*, 875 S.W.2d 273, 276 (Tenn.App.1993). Where the language of an insurance policy is reasonably susceptible of two meanings, we are obligated to give the particular language the interpretation most favorable to the insured. *Id.* However, the parties to a contract cannot create an ambiguity where none exists. *Edwards v. Travelers Indemnity Co.*, 201 Tenn. 435, 300 S.W.2d 615, 617–618 (1957). "Where there is no ambiguity, it is the duty of the court to apply to the words used their ordinary meaning and neither party is to be favored in their construction." *Heyer–Jordan & Assoc. v. Jordan*, 801 S.W.2d 814, 821 (Tenn.App. 1990). Words in an insurance policy are given their common and ordinary meaning. *Tata v. Nichols*, 848 S.W.2d 649 (Tenn. 1993).

Plaintiff's policy did not define "in transit." Defendant Essex asserts that "in transit" is limited to the time that cargo is actually in route from one place to the next. Plaintiff apparently defines "in transit" as anytime the cargo was in the trailer and not at the Dalton, Georgia location. Defendant Berube defined "in transit" as

anytime the cargo was in the trailer. Neither of the definitions proffered by the Plaintiff or Defendant Berube are reasonable interpretations of "in transit." The definition provided by Defendant Essex uses the common and ordinary meaning of the words.[2] In our opinion, "in transit" is not reasonably susceptible to more than one meaning. For this reason, we find that there was no ambiguity regarding the meaning of "in transit."

The Tennessee courts have not previously been called upon to interpret "in transit." However, Plaintiff argues that we should adopt the definition put forth in the Texas case of *Pennsylvania National Mutual Casualt Insurance Co. v. Murphy.* 579 S.W.2d 58 (Tex.Civ.App.1979). In *Pennsylvania,* merchandise was stolen from a truck parked overnight in a hotel parking lot. *Id.* at 59. The trial court found that the goods were in transit at the time of the theft. *Id.* On appeal, the appellate court affirmed, holding that the goods were in transit "so long as the property [goods] was in the course of being delivered to the place to which it was being shipped." *Id.* at 61–62.

We are unpersuaded by Plaintiff's argument that the *Pennsylvania* case is analogous to the case at issue. In this case, Plaintiff's cargo was not in the process of being shipped, and it was not parked overnight in the course of delivery. Instead, it was left on a lot, where it was not discovered missing until more than a week later. Even if this Court adopted the definition of in transit provided in *Pennsylvania,* Plaintiff's cargo would not fall within its meaning.

From our reading of the record, relevant case law, and other authorities, we find

that the cargo was not "in transit." For the reasons above, we find that Plaintiff's cargo was not "in transit" at the time the loss occurred. Therefore, Plaintiff cannot recover under the motor cargo liability policy issued by Essex. Since we find that Plaintiff cannot recover because the cargo was not "in transit," it is unnecessary to address whether Defendant Essex's other defenses are valid. The trial court did not err in dismissing Plaintiff's complaint.

### Misrepresentation

■ On appeal, Plaintiff also asserts a claim of misrepresentation by Defendant Berube. Plaintiff bases this claim on Berube's representation that the cargo would be covered when it was in the trailer. Defendant Essex asserts a cross-claim against Defendant Berube based on the same alleged misrepresentation. Plaintiff fails to specify whether Defendant Berube's alleged misrepresentation was negligent or fraudulent, but from our reading of the record, the only possible cause of action is negligent misrepresentation. For the following reasons, we find that Defendant Berube did not negligently misrepresent the coverage of the policy.

■ Liability for negligent misrepresentation will result, if defendant is acting in course of his business, profession, or employment, or in transaction in which he has pecuniary interest, and defendant supplies faulty information meant to guide others in their business transactions, defendant fails to exercise reasonable care in obtaining or communicating information, and plaintiff justifiably relies upon information. *Robinson v. Omer,* 952 S.W.2d 423 (Tenn.1997) citing Restatement (Second) of Torts § 552. In order to prevail in

---

**2.** "In transit" is not defined in Tennessee case law, the Tennessee Digest, or the Tennessee Code. *Black's Law Dictionary* provides the following definitions. "*In transitu:* in transit; on the way or passage; while passing from one person or place to another; in the course of transportation." *Black's Law Dictionary* 738 (5th es.1979). "*Transit:* within policy covering goods in transit, term has signifi-

cance of activity and of motion and direction; literally it means in courts of passing from point to point, and ordinarily goods in transit would imply that goods will lawfully be picked up at given place and hauled to place designated by owner or one with authority to so designate." *Black's* at 1343 (citing *Simons v. Niagara Fire Ins. Co.,* 398 S.W.2d 833, 835 (Tex.Civ.App.1966))(emphasis added).

a suit for negligent misrepresentation, the plaintiffs must establish by a preponderance of the evidence that the defendant supplied information to the plaintiff; the information was false; the defendant did not exercise reasonable care in obtaining or communicating the information and the plaintiffs justifiably relied on the information. *Merriman v. Smith,* 599 S.W.2d 548, 556–57 (Tenn.App.1979).

An essential requirement of any action for fraud, deceit, failure to disclose or negligent or innocent misrepresentations is detrimental reliance on a false premise. *See, Farley v. Clayton,* 928 S.W.2d 931, at 933 (Tenn.App.1996) citing *Shwab v. Walters,* 147 Tenn. 638, 251 S.W. 42 (1922); *Tartera v. Palumbo,* 224 Tenn. 262, 453 S.W.2d 780 (1970); *Williams v. Van Hersh,* 578 S.W.2d 373 (Tenn.App. 1978); *Dozier v. Hawthorne Development Co.,* 37 Tenn.App. 279, 262 S.W.2d 705 (1953). In order to succeed in any action based upon fraudulent or negligent misrepresentation, the plaintiff must prove that it relied justifiably on the defendant's statements. *See Lambdin v. Garland,* 723 S.W.2d 953, 956 (Tenn.App.1986). The burden is not upon the defendant to show that it was not negligent, but rather, the burden is upon the plaintiff to show that its reliance upon any statements defendants may have made was reasonable. *Metropolitan Government of Nashville and Davidson County v. McKinney,* 852 S.W.2d 233, (Tenn.App.1992).

In an insurance case, the burden of proof is on the insured to prove that a misrepresentation was made and that the insured reasonably relied upon the misrepresentation. *Bill Brown Constr. Co. v. Glens Falls Ins. Co.,* 818 S.W.2d 1 (Tenn. 1991). Therefore, the burden of proof is on the Plaintiff to show that Defendant Berube made the misrepresentation, and that Plaintiff relied upon it. We are of the opinion that Plaintiff failed to carry his burden proof on any element of negligent misrepresentation.

Plaintiff's actions and testimony bely his accusation of negligent misrepresentation against Defendant Berube. Plaintiff states in his testimony that he did not believe Defendant Berube had done anything wrong, or was remiss in his actions. Plaintiff also admits that he did not tell Defendant Berube that the trailer with the cargo would sometimes be parked at the Rossville lot. In addition, the policy at issue was a "transit" policy, clearly limited to losses occurring in transit. Therefore, Defendant Berube is not liable for negligent misrepresentation. The trial court did not err on this issue.

### Conclusion

For the foregoing reasons, the trial court's dismissal of Plaintiff's complaint and Defendant Essex's cross-complaint is hereby affirmed. Costs of appeal are taxed to Plaintiff, Ron Williams, for which execution may issue, if necessary.

FARMER and KOCH, JJ., concur.