IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, October 31, 2002

## KEVIN McNAMARA v. MARSHALL MONROE

**Direct Appeal from the Circuit Court for Knox County**
**No. 3-784-96     Hon. Wheeler A. Rosenbalm, Circuit Judge**

### FILED JANUARY 29, 2003

### No. E2002-00407-COA-R3-CV

---

In this Breach of Contract and Negligence action, the Trial Court held Appellant did not reasonably rely on Appellee's survey and dismissed the action. On appeal, we Affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

William S. Lockett, Jr., Knoxville, Tennessee, for Appellant.

Robert A. Cole, Knoxville, Tennessee, for Appellee.

### OPINION

This action originated in General Sessions Court by the appellee who sought payment for surveying fees from appellant, Kevin McNamara. McNamara cross-filed, seeking damages for breach of contract and/or negligent performance of the survey. The case was appealed to Circuit Court and the Trial Court, after dismissing all claims, on Motion reinstated appellant's claims against appellee.

A trial was then held, and at its conclusion, the Trial Court ruled that in order for appellant to prevail, he had to demonstrate appellee was negligent in the representation he made, and that defendant deviated from the standard of care in the performance of his work, and that plaintiff

was thereby injured.  In ruling against the appellant, the Court found there was not sufficient proof of reliance by the plaintiff on the survey by appellee, and observed that appellant immediately refused to pay appellee for his work.  The Court also found credible the testimony of a witness who testified unequivocally that she told the appellant about the encroachment on the property that appellant was purchasing, before he closed on the deal.

Our review of the Trial Court's Judgment is *de novo* with a presumption of correctness of the Trial Court's findings of fact, unless the evidence preponderates otherwise.  Tenn. R. App. P. 13(d); *McCarty v. McCarty*, 863 S.W.2d 716 (Tenn. Ct. App. 1992).  No presumption of correctness attaches to the trial court's legal conclusions.  *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87 (Tenn. 1993).

Appellant claimed that appellee was liable for negligent misrepresentation, which requires a showing that:

1.) Defendant, acting in the course of his business or profession,

2.) Supplied false/faulty information for the guidance of others in their business transactions, and

3.) Defendant failed to exercise reasonable care in obtaining or communicating the information, and

4.) Plaintiff justifiably relied on said information.

*Robinson v. Omer*, 952 S.W.2d 423 (Tenn. 1997).

There is no requirement that it be shown that defendant breached the applicable standard of care, as the Trial Court held.  Rather, it must be shown that defendant failed to exercise reasonable care in obtaining or communicating faulty information.

In this case, appellant offered evidence that appellee was acting in the course of his profession, and that the information he provided was faulty.  Appellant also showed that defendant failed to exercise reasonable care in communicating the information to appellant, and to the title company.  The Court found that the appellant did not carry his burden of proof which requires him to show that he justifiably relied upon the information provided by appellee.  The Court noted that plaintiff obtained a check for the survey fee at closing made out to him and appellee, but that he failed to endorse the check or pay appellee for the survey.  Appellee testified that he had an issue with the survey, but admitted that he felt the survey was inaccurate from the beginning, and the Court held that appellant was aware of the problem with the survey and that this is why he refused to pay for it.  The evidence does not preponderate against the Trial Court's finding.  Tenn. R. App. P. 13(d).

As this Court has previously explained:

In order to succeed in any action based upon fraudulent or negligent misrepresentation, the plaintiff must prove that it relied justifiably on the defendant's statements. The burden is not upon the defendant to show that it was not negligent, but rather, the burden is upon the plaintiff to show that its reliance upon any statements defendants may have made was reasonable.

*Williams v. Berube & Associates*, 26 S.W.3d 640, 645 (Tenn. Ct. App. 2000)(citations omitted).

Appellant also claimed that appellee was guilty of professional malpractice in the performance of the survey. The evidence did establish by defendant's own admission, that his conduct fell below the standard of care. The Supreme Court has previously held that the standard of care may be established by defendant's own admissions. *See Cardwell v. Bechtol*, 724 S.W.2d 739 (Tenn. 1987); *Tutton v. Patterson*, 714 S.W.2d 268 (Tenn. 1986). In this case, appellee admitted that it would be a deviation from the standard of care if he had knowledge that the right-of-way went through the house and failed to show it on the survey. Defendant maintained throughout his trial testimony that he knew the right-of-way went through the house, but claimed that he adequately showed same on his "original" survey.

More compelling, however, is that in addition to this concession there was also an admission contained in Exhibit 13 wherein defendant agreed to a finding that the survey in question "does not comply with the minimal accepted standards of practice". The Trial Court found this admissible as a party admission. In this regard, see *McGee v. Nashville White Trucks, Inc.*, 633 S.W.2d 311, 317 (Tenn. Ct. App. 1981).

In this case, it is unclear whether the Trial Court actually considered plaintiff's claim for malpractice in addition to plaintiff's claim for negligent misrepresentation. The cause of action for malpractice, however, differs from a cause of action for negligent misrepresentation, in that a cause of action for malpractice requires an employment relationship or privity, whereas an action for negligent misrepresentation does not. *See Stinson v. Brand*, 738 S.W.2d 186 (Tenn. 187). The Trial Judge held that the plaintiff did not make out a *prima facie* case of negligent misrepresentation because he did not establish reasonable reliance on the appellee's representations. In any event, comparative fault in Tennessee is applicable. We said in *Staggs v. Sells, et al.*, 2001 WL 1613882 (Tenn. Ct. App. 2001)(permission to appeal denied by the Supreme Court, May 20, 2002):

The doctrine of comparative fault in Tennessee is applied to negligence cases, and negligent misrepresentation is an action "in tort determined by the general principles of the law of negligence." *Tartera v. Palumbo*, 224 Tenn. 262, 453 S.W.2d 780, 784 (Tenn. 1970). "If the plaintiff meets the burden of establishing the defendant's duty in a particular case, as well as the other elements of the negligence claim, the trier of fact must apply the principles of *McIntyre v. Balentine*." *Bond v. Belle Meade Fund*, No. 96C-4542, 1998 WL 775662, at *4 (Tenn. Ct. App. Nov. 9, 1998). However, it is only after a plaintiff proves all the elements of a negligence claim that the principles set out in *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn. 1992), and *Bond*

*v. Belle Meade Fund* are applicable. "[S]o long as a plaintiff's negligence remains less than the defendant's negligence, the plaintiff may recover; in such a case, plaintiff's damages are to be reduced in proportion to the percentage of the total negligence attributable to the plaintiff." *McIntyre*, 833 S.W.2d at 57. "A plaintiff whose negligence is less than that of a tort feasor may now recover damages reduced by a percentage of the plaintiff's own negligence." *Bond*, 1998 WL 775662 at *4.

As to the malpractice claim, assuming *arguendo* that plaintiff has established the "elements of the negligence claim," it is clear that from the Trial Court's ruling that appellant did not reasonably rely upon the survey, and his proceeding to close the transaction on the facts found by the Trial Court is negligence sufficient to bar any recovery under this theory.

For the foregoing reasons, we affirm the Judgment of the Trial Court and remand with the costs of the appeal assessed to Kevin McNamara.

_____
HERSCHEL PICKENS FRANKS, J.